# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 3:19-CR-211** |
| **JONATHAN BROWNLEE** | **:** | **(JUDGE MANNION)** |
| **Defendant** | **:** | |

## **MEMORANDUM**

Pending before the court is defendant Jonathan Brownlee's Motion to Suppress Physical Evidence. (Doc. 18). Defendant allegedly was in possession of child pornography which was discovered during a forensic search of his laptop computer and electronic devices. In his instant motion, defendant seeks to suppress the child pornography discovered during the warrantless search of his computer and electronic devices. It was alleged by the Probation Office that it had authority to search defendant's devices based on his conditions of supervised release. The results of the forensic search of defendant's laptop serve as the basis for a one-count indictment filed against the defendant on July 9, 2019, charging him with sexual exploitation of children, in violation of 18 U.S.C. §2252(a)(4)(B). Defendant contends that the warrantless Probation Office search was unconstitutional and violated his 4th Amendment rights against unreasonable searches and seizures since

at the time of the search, he was not on supervised release, rather he was in presentence detention after he pled guilty to violating his supervised release. For the reasons fully explained below, defendant's motion will be **DENIED** without a suppression hearing.

## I.     PROCEDURAL HISTORY

Defendant was indicted on July 9, 2019. The indictment charges defendant with one count of possession of child pornography in violation of 18 U.S.C. §2252(a)(4)(B) and 18 U.S.C.§2252(b)(2). (Doc. 1). On October 7, 2019, defendant, through his counsel, filed a motion to suppress physical evidence retrieved from the search of computers and electronic devices allegedly belonging to him, with attached Exhibits. (Docs. 18 & 18-1, Exs. A-G). In particular, defendant seeks to suppress images allegedly constituting child pornography which were discovered after a warrantless forensic search of an Acer Aspire laptop computer that was purportedly his. Defendant filed his brief in support on November 1, 2019, with Exhibits. (Docs. 20 & 20-1). Defendant seeks the court to suppress all evidence obtained from the warrantless search conducted by the Probation Office in the Eastern District of Missouri and all fruits thereof arguing that since he had pled guilty to the supervised release violations and was in custody awaiting his sentence, he

was no longer subject to his release conditions used to justify the warrantless search. Thus, defendant contends that a warrant was required to search his computer and the evidence obtained from the warrantless search should be suppressed for violating his 4th Amendment rights. Alternatively, defendant contends that if the court finds that he was still subject to the conditions of his supervised release at the time of the search, the search was not valid since it exceeded the scope of a permissible probation search.

The Government filed its brief in opposition to defendant's motion on December 13, 2019 (Doc. 23).

A reply brief was filed by defendant on December 27, 2019. (Doc. 24).

The defendant is currently serving his 24-months' prison sentence for violations of the conditions of his supervised release, as such, he was ordered detained while he awaits trial on his current charge.

## II.   FACTUAL BACKGROUND

On October 23, 2012, defendant was sentenced by the Honorable Edwin M. Kosik of this court to a term of imprisonment of 60 months to be followed by 20 years of supervised release after he pled guilty to receipt and distribution of child pornography in violation of 18 U.S.C. §2252(a)(2). *See* United States v. Brownlee, 3:10-CR-176, MD.Pa.

Upon his release from prison, the defendant was found to be in violation of the conditions of his supervised release three separate times and was sentenced to a term of imprisonment for each violation. With respect to defendant's first violation, on March 26, 2015, the court sentenced defendant to 9 months' imprisonment to be followed by 19 years and 4 months of supervised release for violations of various conditions of his supervised release. With respect to his second violation, the court sentenced the defendant on November 29, 2017 to 11 months' imprisonment to be followed by 10 years of supervised release, again for violations of various conditions of his supervised release. The conditions of his supervised release that were imposed by the court with respect to defendant's November 29, 2017 sentence are the relevant conditions for purposes of the instant motion since they served as the basis to authorize the warrantless search at issue. (*See* Doc. 20-1, Ex. C).

On May 17, 2018, the Probation Office filed a petition to revoke defendant's supervised release due to alleged violations of several conditions imposed in the court's November 29, 2017 sentence. (*See* Doc. 20-1, Ex. D). Relevant to this motion are the alleged violations of special conditions 4, 6, 11, 13, and 15, all of which relate to defendant's possession

and use of a computer and other electronic devices.[1] Alleged violations were based on statements defendant made to a probation officer. Specifically, it was alleged in the petition for revocation that on April 10, 2018, defendant advised the probation officer that he accessed the internet on a smart phone and a laptop computer, and that he viewed child pornography on the laptop computer which resulted in the above-mentioned violations. Further, it was noted that the defendant said he discarded the computer in a dumpster, and he admitted that he was not permitted to possess and use a computer that was not approved by the probation office and equipped with computer monitoring software. (3:10-CR-176, Doc. 117, p. 3). (*See also* Doc. 20-1, Ex. D).

Further explanation of relevant portions of each special condition is warranted. Special Condition 4 provided that Brownlee "must not access the Internet except for reasons approved in advance by the probation officer."

---

[1]The Petition to revoke Brownlee's supervised release lists relevant alleged violations of special conditions 4, 6, 11, 13, and 15. However, the Judgment against Brownlee filed on July 27, 2018, lists relevant internet access violations as violations of special conditions 4, 6, 11, 13, and "16". (3:10-CR-176, Doc. 176, p. 1). The petition for defendant's warrant filed by the probation office on May 17, 2018, indicates that the violations relating to internet access as violations of special conditions 4, 6, 11, 13, and 15. (*See* Doc. 20-1 at 38). Therefore, it appears that the inclusion of a violation of special condition "16" in the Judgment, (Doc. 20-1 at 30), was a typographical error.

(3:10-CR-176, Doc. 117, p. 2). (*See also* Doc. 20-1 at 37-38, Ex. D). Relevant portions of Special Condition 6 stated: "To ensure compliance with the computer monitoring condition, you must allow probation officer to conduct initial and periodic unannounced search of any computers (as defined in 18 U.S.C. §1030(e)(1)) subject to computer monitoring." (3:10-CR-176, Doc. 117, p. 2-3). Under Special Condition 11, defendant was "prohibited from accessing any and all social media sites." (3:10-CR-176, Doc. 117, p. 3). Relevant portions of Special Condition 13 state that defendant "must not purchase, possess, or access more than one computer which is to be inspected and monitored by the U.S. Probation office." Finally, Special Condition 15 provided that defendant "must not purchase, possess, or access smart phones or any other internet capable devices unless [he] received permission from the probation officer." (3:10-CR-176, Doc. 117, p. 3). (*See also* Doc. 20-1 at 37-38, Ex. D).

Defendant was arrested in connection with the Revocation Petition on May 24, 2018. (Doc. 20-1, Ex. E). Upon his arrest, defendant waived a probable cause hearing and he was detained in Lackawanna County Prison pending a revocation hearing. (Doc. 20-1, Ex. F).

While defendant was detained pending his revocation hearing, the Pocono Mountain Regional Police Department was contacted by defendant's

neighbor, Clara Michelle Pordy, on June 13, 2018, and she asked the police to take possession of defendant's electronic devices, which she stated he left at her house for storage. (Doc. 20-1 at 52, Ex. G). Detective Lenning then contacted the U.S. Probation Office (Officer Karen Hunt) and advised Hunt that Ms. Pordy wanted defendant's electronic devices removed from her house and to turn them over to the probation office. These electronic devices included two laptops computers and two smart phones. (Id.). The government alleges that one of the laptops was the computer that defendant used to access and view child pornography (which is the basis of his current charge). (Doc. 23, p. 6). Based on defendant's above stated admissions to a probation officer, (Doc. 20-1, Ex. D), the probation office took custody of the electronic devices from Ms. Pordy.

On June 18, 2018, defendant pled guilty to the violations charged in the revocation petition, and his sentencing was continued to allow defendant to file mental health records. (Doc. 20-1, Ex. B). In particular, defendant admitted that he violated special conditions 4, 6, 11,13 and 15. (Id. at 22-23). Defendant remained in LCP while he was awaiting his sentence.

Since defendant already admitted to violating several conditions of his supervised release, (see Doc. 20-1, Ex. B), the probation office sought access to defendant's electronic devices, including his laptops. The

probation office inquired whether defendant would cooperate by providing his usernames and passwords. When defendant refused to cooperate with the probation office, the probation office then decided to send defendant's electronic devices to the Probation Office in the Eastern District of Missouri to undergo forensic testing. The probation office specified that the purpose of the forensic exam was to determine if the laptop computer contained any evidence of violations of supervised release conditions, including any child pornography. (Doc. 20-1, Exs. A & G at 51).

All of defendant's electronic devices obtained from Ms. Pordy's residence were then sent out for forensic testing on June 22, 2018. The forensic lab received the electronic devices on June 25, 2018. (Doc. 20-1, Ex. A & Ex. G at 51). A forensic test of defendant's devices was conducted sometime before July 23, 2018, and the examination discovered approximately 4,800 images of child pornography on his Acer Aspire laptop computer. A forensic examination Report was issued on July 23, 2018, and the Report stated that "[p]ermission to search the device[s] was granted through Brownlee's conditions of supervised release and the Chief United States Probation Officer [M.D.PA]." (Doc. 20-1, Ex. A & Ex. G at 51).

Upon receipt of the forensic examination results, the Federal Bureau of Investigation ("FBI") took possession of the computer which contained the

images of child pornography from the probation office and reviewed the images.

Defendant's revocation sentencing was held on July 27, 2018, at which time defendant's supervised release was revoked, and he was sentenced to 24 months' imprisonment to be followed by 8 years of supervised release.

Defendant was subsequently indicted by a federal grand jury and on July 9, 2019, a one count Indictment was filed charging him with sexual exploitation of children, in violation of 18 U.S.C. §2252(a)(4)(B), based on the images discovered during the forensic search of his laptop computer. (Doc. 1).

On October 7, 2019, defendant filed his instant motion seeking to suppress the images discovered through the forensic search of the laptop computer arguing that the search violated his 4th Amendment rights since it was conducted without a warrant and that the supervised release condition authorizing the search did not apply because he was detained in prison awaiting sentencing for violations of his supervised release conditions. In the alternative, defendant argues even if the supervised release condition did apply at the time, the search exceeded the scope of a probation search "permitted by the condition of supervised release allowing such searches." Defendant's final argument is that if the court finds that a warrant was not

required and a search based on reasonable suspicion was permissible, then a hearing is needed to determine whether reasonable suspicion actually existed. With all briefing complete, defendant's motion to suppress is now ripe for disposition.

## III.  LEGAL STANDARD

A criminal defendant brings a motion to suppress evidence under Federal Rule of Criminal Procedure 12(b)(3)(C), in an effort "to show that evidence against him or her was unconstitutionally obtained." U.S. v. Hernandez, 2015 WL 5123924, at *4 (M.D.Pa. 2015).

Protection against unreasonable searches and seizures is enshrined in the Fourth Amendment, which states,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"The Fourth Amendment, like the other Amendments contained in the Bill of Rights, imposes direct limitations on the actions that may be taken by the Federal Government." Adams v. Springmeyer, 17 F.Supp.3d 478, 490

(W.D.Pa. 2014) (citing <u>McDonald v. City of Chicago</u>, 561 U.S. 742, 753–55, 130 S.Ct. 3020, 3028, (2010)). The Fourth Amendment's purpose is to "safeguard the privacy and security of individuals against arbitrary invasions" by the government. <u>Camara v. Mun. Ct. of S.F.</u>, 387 U.S. 523, 528, 87 S.Ct. 1727 (1967).

For purposes of the Fourth Amendment, a search "occurs when an expectation of privacy that society is prepared to consider as reasonable is infringed." <u>United States v. Jacobsen</u>, 466 U.S. 109, 113 (1984). In order to establish standing under the Fourth Amendment to challenge a search, a defendant must show a "reasonable expectation of privacy" in the place or thing searched. <u>Rakas v. Illinois</u>, 439 U.S. 128, 132 n.1 (1978).

If standing is established, then the court examines the search warrant or lack thereof. The burden of persuasion depends on whether or not there was a warrant that authorized the search. *See* <u>Hernandez</u>, 2015 WL 5123924, at *4. Further, the Supreme Court regards exclusion of evidence as an "extreme sanction" that "should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule," which center on deterring police misconduct. <u>U.S. v. Leon</u>, 468 U.S. at 916, 918 (1984).

With respect to people on probation, i.e., probationers like defendant, while they have 4th Amendment rights, they "do not enjoy 'the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observance of special [probation] restrictions.'" United States v. Owens, 187 F.Supp.3d 488, 492 (M.D.Pa. 2016) (citations omitted). "By virtue of a probationer's status, the law affords the state a 'degree of infringement upon privacy that would not be constitutional if applied to the public at large.'" *Id.* (citation omitted). Additionally, "the warrant requirement has been found by the United States Supreme Court to 'interfere with the probation system by delaying investigations into suspected violations and effectively establishing a magistrate [judge], rather than a probation officer, as the probationer's supervisor.'" *Id.* (citation omitted).

Thus, "the Third Circuit has determined that, in Pennsylvania, parole officers may conduct warrantless search of a parolee's property based on reasonable suspicion", i.e., "if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." *Id.* (citations omitted). *See also* United States v. Wormsley, 708 Fed.Appx. 72, 74 (3d Cir. 2017) ("In order to conduct a search of a probationer, the government need only have 'reasonable suspicion' that he

has engaged in criminal activity or has violated the terms of probation", and "[a] warrant requirement would interfere to an appreciable degree with the probation system....") (citations omitted). "Reasonable suspicion is a 'commonsense, nontechnical' concept that deals with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Id.* at 75 (citation omitted). "Whether reasonable suspicion exists depends on whether the totality of the circumstances supports a finding that the officer had a 'particularized and objective basis for suspecting legal wrongdoing.'" Owens, 187 F.Supp.3d at 492-93 (citation omitted).

## IV.   DISCUSSION

The court has jurisdiction over the defendant's motion to suppress under 18 U.S.C. §3231.

Initially, the government argues that defendant did not have a reasonable expectation of privacy in the electronic devices, including the relevant laptop, searched by the probation office and therefore does not have standing to challenge the warrantless search. The government argues that defendant was prohibited from possessing the relevant laptop computer since, as he admitted, his possession of it was not approved by the probation

office as required by the special conditions of his supervised release and the government also argues that defendant abandoned the electronic devices, including the laptop at issue, at Ms. Pordy's residence.

The court finds that the above stated two arguments raised by the government need not be addressed since the conditions of defendant's supervised release did apply at the time of the warrantless search, and the probation office had more than a reasonable suspicion to search defendant's electronic devices. Thus, for purposes of the instant motion, the court will assume *arguendo* that the defendant had a reasonable and legitimate expectation of privacy in the electronic devices that were seized and searched, that defendant did not abandon the devices at Ms. Pordy's house, and that he has standing to challenge the search of the laptop computer.

**A.     At the Time of the Forensic Search Defendant was bound by the Special Conditions of his Supervised Release Imposed by the Court on November 29, 2017, and the Probation Office had Reasonable Suspicion to Seize and Search Defendant's Electronic Devices**

No doubt that the possession by defendant of a laptop or smartphone without permission from the probation office was a clear violation of the

special conditions of defendant's supervised release regardless of how defendant came into possession of those devices. It is of no moment whether defendant inherited the laptop from his brother as he alleges. Defendant admitted to a probation officer that he viewed child pornography on a laptop. (3:10-CR-176, Doc. 117, p. 3; Doc. 20-1 at 38). Defendant never sought permission from the probation office to possess a laptop or smartphone, instead he concealed the electronic devices at a neighbor's residence and he did not tell the probation officer the truth when he said that he discarded the laptop in a dumpster after he used it to view child pornography. Defendant alleges that it is not clear whether the laptop he allegedly discarded in a dumpster is the same laptop that was seized and search by the probation office. However, defendant had admitted on April 10, 2018, that he used the laptop in question to view child pornography, that this was the laptop he allegedly put in a dumpster, and the laptop searched did, in fact, disclose numerous images of child pornography on it. (Doc. 20-1 at 38). Defendant also acknowledged that he was not allowed to possess a computer without permission from the probation office. Defendant's timeline of the use of the electronic devices is inconsistent, but he told the probation office that he discarded the computer in a dumpster. (3:10-CR-176, Doc.

117, p. 3). The probation office did not attempt to locate the computer, at that time, because of the information provided to them by defendant.

It was not until the probation office and the local police department were contacted by Ms. Pordy on June 13, 2018 that they learned of the existence of the electronic devices. (Doc. 20-1 at 52). Ms. Pordy called the local police department and requested that they take possession of the electronic devices and give them to the probation office, and these devices were ultimately seized and searched. The electronic devices were taken by defendant to Ms. Pordy's residence for storage and left there.

**B.    The Defendant was on Supervised release at the time of the search.**

Defendant argues that the conditions of his supervised release did not apply at the time of the forensic search since he was detained in prison and not "released", and that even if they did, the probation office did not have reasonable suspicion to search his electronic devices.

The court detailed above the backdrop to the proceedings regarding the revocation of defendant's supervised release at issue, including the conditions of his supervised release, and shall not repeat it.

In particular, defendant states that "[w]hile [he] acknowledges that his term of supervised release was not tolled by his detention and continued to run", he contends that "the conditions of supervised release did not apply during the time he was detained, and not 'released.'" He states that the "rehabilitative goals of supervised release cannot be accomplished while [he was] detained", and that "[n]one of the other conditions applied to [him] while he was incarcerated pending sentencing, and like the 28 other conditions, the warrantless computer search requirements serves no purpose and makes no sense in relation to an incarcerated individual." Thus, defendant contends that "the court's July 27, 2018, Judgment cannot be said to have justified the warrantless search at issue here."

Although applying the conditions of defendant's supervised release while he was imprisoned and awaiting sentencing may appear to be contrary to the intent of supervised release, those conditions still applied until his supervised release was <u>revoked</u> on July 27, 2018. Indeed, the search of the computer occurred when defendant was still on supervised release. The United States Supreme Court has provided support for the position that a term of supervised release may be served while in prison. <u>Johnson v. U.S.</u>, 529 U.S. 694, 705-06 (2000) ("But if the term of supervised release is being served, in whole or part, in prison, then something about the term of

supervised release survives the preceding order of revocation.") (internal quotations omitted). Further, the Third Circuit has stated that "Congress has provided for [tolling] in only one situation: where the defendant is imprisoned for more than 30 days for another conviction." United States v. Cole, 567 F.3d 110, 114-15 (3d Cir. 2009). The Court continued "[t]hat is the only instance in which Congress allowed for the suspension of the supervised release period, and it did so specifically by statute." *Id.* at 115.  Recently, the Third Circuit has also stated that a term of supervised release tolls "while [defendant] deliberately absconds from the court's supervision." United States v. Island, 916 F.3d 249, 251 (3d Cir. 2019). Neither of these situations apply in defendant's case; therefore, it follows that the conditions of defendant's supervised release applied while he was imprisoned awaiting sentencing since his supervised release was not revoked until July 27, 2018.

The electronic devices were taken from Ms. Pordy's residence on June 13, 2018. A little over a week later, on June 21, 2018, the probation office requested a forensic search of the devices. The devices were sent out for forensic testing and were received by the forensic lab on June 25, 2018. The devices were examined sometime prior to July 23, 2018, and the examiner released his report on that day. All of this occurred before July 27, 2018, the date which defendant's supervised release was revoked by the court. Given

this timeline, it follows that the search was authorized by the conditions of defendant's supervised release as long as the probation office had reasonable suspicion to conduct the search. Thus, the only remaining inquiry is whether the probation office had reasonable suspicion to search defendant's electronic devices.

The court finds that the probation office had more than reasonable suspicion to search defendant's electronic devices. Recently the Third Circuit has explained the test of reasonable suspicion, stating:

> We turn now to apply the "flexible" test of reasonableness. *United States v. Ramos*, 443 F.3d 304, 309 (3d Cir. 2006). "Balancing the totality of the circumstances is the 'general Fourth Amendment approach' used to assess the reasonableness of a contested search." *United States v. Mitchell*, 652 F.3d 387, 403 (3d Cir. 2011) (quoting *Knights*, 534 U.S. at 118, 122 S.Ct. 587). We determine whether reasonable suspicion exists by context and "commonsense," *Illinois v. Wardlow*, 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), mindful that it is something less than what is "required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable," *Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Thus, an officer needs only "a particularized and objective basis for suspecting legal wrongdoing," *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (internal quotations omitted).

United States v. Henley, 941 F.3d 646, 651 (3d Cir. 2019). The court continued explaining that "[p]arole agents, like other law enforcement

officers, should 'draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *Id.* at 651-52 (quoting Arvizu, 534 U.S. at 273).

Here, defendant admitted to the probation office that he used a computer to view child pornography even though he was aware that he was not authorized (under the conditions of his supervised release) to possess or use a computer or electronic device capable of connecting to the internet without permission from the probation office. Defendant then did not tell the truth to the probation office when he stated that he discarded the laptop he used to view child pornography, and subsequently tried to conceal the laptop at Ms. Pordy's house. Additionally, once in possession of defendant's electronic devices that were seized from Ms. Pordy's residence, the probation office found that the monitoring software, which was also required as a condition of defendant's supervised release, was not installed on any of the electronic devices. Moreover, the probation office considered the fact of defendant's prior child pornography conviction and two previous supervised release violations, of which this court is well-aware. Before sending the electronic devices to a forensic lab to be searched, the probation office sought the defendant's cooperation, but defendant would not provide his

username or passwords for the devices. Considering the totality of these facts, the probation officers, drawing on their own experiences and specialized training, had "a particularized and objective basis for suspecting legal wrongdoing" by defendant which justified the warrantless search of defendant's electronic devices. Henley, 941 F.3d at 651.

Based on all of the detailed circumstances, the court finds that a suppression hearing is not required to determine if the probation office had a reasonable suspicion to seize and search defendant's electronic devices.

Thus, assuming *arguendo* that defendant had standing to challenge the search, the conditions of defendant's supervised release applied while he was imprisoned awaiting sentencing and the probation office had more than a reasonable suspicion to seize and search defendant's electronic devices. Therefore, defendant's motion to suppress will be **DENIED**.

Finally, defendant argues that the search of his electronic devices exceeded the scope allowed by his supervised release conditions. As the government, (Doc. 23 at 17-18), notes:

> The mandatory supervised release conditions expressly stated that the defendant shall not commit another local, state, or federal crime. The special conditions prohibited the defendant from accessing the Internet on a computer not approved by the probation office. It was reasonable for the probation office to search the computer for evidence of such violations, which is what it did here. Contrary to what the defendant claims, there was more than reasonable suspicion that the computer contained child pornography (indeed, the defendant admitted that he

viewed child pornography on that computer) and the probation office, as reflected in defendant's Exhibit A [Doc. 20-1], expressly sought to search the computer for evidence of violations of supervised release conditions, not for a criminal investigation.

Thus, the court finds that the search of defendant's electronic devices was within the scope allowed by his supervised release conditions.

Since the court finds that the search of defendant's laptop computer did not violate his 4th Amendment rights and that the evidence obtained from the search will be admissible at his trial, it need not address the government's penultimate argument that the evidence would have been inevitably discovered through lawful means.

## V.    CONCLUSION

Based on the foregoing, defendant's motion to suppress physical evidence, **(Doc. 18)**, will be **DENIED**. Further, a suppression hearing is not required. An appropriate order shall follow.


*s/ Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 15, 2020**
19-CR-211-01